Daniel Judge,
after reciting the facts of the case, pro-
ceeded as follows: The defendant insists, that the nominal purchase by Bartlett for the benefit of the guardian of the infant petitioners, was, in law, void, and that the plaintiff *245 having only the title of the adult petitioners, was now, only tenant in common with the infants, and could not maintain an action of detinue against him, their guardian and representative. If the sale to Bartlett was void in law, the ground taken by the defendant, would be correct. But we are of the opinion, that in a court of law, the sale under the circumstances stated, was not void. Jackson ex dem of Coldin v. Walsh, 14 John Rep. 406, is a case in which the court decided, that a deed similar in its character to the one now before us, was not void at law. The case is as follows: C. Coldin made his will, which contained a power, by which his executor was authorised to sell all or any part of his lands, for certain purposes. The executor, under the power, exposed a lot of land to sale to the highest bidder at public auction; Dubois became the purchaser, for the consideration of £141: and the executor executed to him a deed for •the land. On the same day Dubois re-conveyed the premises to the executor. After this, the heir at law of the testator, brought an action of ejectment to recover the land thus sold. Walsh, the defendant, claimed under the deed made as aforesaid, to, and from Dubois. The court, in delivering its opinion, say: It is not denied on the part of the plaintiff, but that a regular paper title was made out, under this will, down to the defendant. It appears, however, that the executor conveyed the premises in question to Dubois, who, on the same day, re-conveyed them to the executor. It is contended that Dubois is a mere nominal purchaser, and the sale void, under the rule which prevails in the Court of Chancery, that a trustee or agent to sell, shall not himself become the purchaser. It is unnecessary to go into an examination of the equity doctrine on this subject. No case is to be found where a Court of Law has pronounced such a deed absolutely void. The legal title undoubtedly passes, and the rules and principles which govern the Court of Chancery in such cases, show that it would be very unfit for a Court of Law to interfere and set aside such conveyances. Indeed, it is not the doctrine of a Court of Equity that such sales are, ipso jure void; but that the trustee purchases subject,to the equity of having the sale set aside, if the cestui que trust, in a *246 reasonable time, chooses fo say he is not satisfied with it.— ^aw on subject> governing Courts of Equity, may be found in the.references made-by Willis on Trustees 163, There may be.some dicta scattered in our N. C. Reports that such a conveyance might be avoided at law. But we are hot aware of any express decision in our courts, contrary to the one which the Judge of the Superior Court made in. this case. Wilson, the guardian, could not purchase of himself, because,,the law requires that there should be two persons at least, -to make a contract. But we think, that the sale to Bartlett, and the re-conveyance by him to the guardian of the infant tenants in common, was not void, per se, at law. We ought not to hold it so, unless compelled by authority; for the consequences of the doctrine would be injurious to purchasers without notice. And we think, the Judge- did not' err, in telling the Jury, that the plaintiff at law, was entitled to recover. The judgment must be affirmed.
Per, Curiam. Judgment affirmed.